PEDRO PRATTS, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent; INOCENCIA MANGUAL BAYRÓN ET AL., Interveners.

No. 1636. Argued April 22, 1946.—Decided May 2, 1946.

*Enrique Báez García* for petitioner. *Gilberto López de Victoria* for intervener, defendant in the main action. *Ildefonso Freyre* for intervener in main action.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an unlawful detainer suit in which the municipal court, after a trial on the merits at which only the plaintiff introduced evidence, entered judgment on September 20, 1945, for the plaintiff on the ground of nonpayment for thirty-one months of the monthly rent of $12 which was payable on the

4

twenty-eighth of each month. The defendant filed a notice of appeal to the district court in which he asked the municipal court to fix a bond. That court set a bond of $600 which the defendant posted. The defendant also consigned the rent of $12 a month on October 28, 1945 and on the twenty-eighth of each subsequent month. On February 9, 1946, the plaintiff moved to dismiss the appeal because of the failure of the defendant to consign the rent for the month ending on September 28, 1945. We granted certiorari to review the order of the district court denying the motion to dismiss.

Section 631 of the Code of Civil Procedure, as amended by Act No. 170, Laws of Puerto Rico, 1942 (p. 888), provides that "The defendant shall be denied the right of appeal unless he executes an undertaking to the satisfaction of the court, to answer for damages he may occasion to the plaintiff, and for the costs of the appeal; and when the unlawful detainer is based on the nonpayment of sums agreed upon, the defendant may, at his option, execute the said undertaking, or deposit with the clerk of the court the amount of the indebtedness up to the date of judgment." The plaintiff contends that the request of the defendant to fix a bond, the order of court, and the terms of the bond demonstrate that both the purpose and effect of the bond were to fulfill the requirements of § 631 only; security of the rent up to the date of the judgment, September 20, 1945.[1]

The plaintiff then points to § 634 of the Code of Civil Procedure, as amended by Act No. 170. That Section reads

---

[1] The plaintiff is undoubtedly correct in his contention as to the request of the defendant and the order of court. The defendant requested the court to fix a bond "to answer to the plaintiff for the rental payments described in the complaint and for the time it is alleged they were not paid in accordance with the provisions of § 631 of the Code of Civil Procedure of Puerto Rico as amended by Act No. 170 of May 9, 1942 . . . ". By order of September 25, 1945, the municipal court granted this request and fixed a bond of six hundred dollars "which must be furnished by the defendant to answer to the plaintiff for the rental payments alleged in the complaint as unpaid and for the costs of appeal." But the terms of the bond itself, which will be noted hereafter, require further consideration.

as follows: "In the appeals taken in actions commenced for non-payment of the stipulated rentals, it shall be the duty of the defendant to deposit with the clerk of the court the amount of each and all rentals as they become due, or execute an undertaking to the satisfaction of the court, to answer for the amount of each and all said rentals." The plaintiff argues that the defendant failed to consign the rent for the month ending September 28, 1945, eight days of which elapsed after the judgment; there was therefore neither a bond nor a consignation for these eight days; and consequently the appeal must be dismissed for failure to comply with § 634.

In assailing the holding of the district court that the bond was sufficient for the purposes of both §§ 631 and 634, the plaintiff first contends that §§ 631 and 634 contemplate separate bonds; one to be filed in the trial court enabling the defendant to appeal and encompassing all damages, including rentals due prior to judgment; the other, once the defendant has appealed, to be filed in the district court covering rentals which become due after judgment. He therefore argues that the bond filed in the municipal court in this case constituted compliance with § 631 only, and not § 634. However, we find nothing in §§ 631 and 634 requiring the cumbersome procedure of two separate bonds filed in different courts with one bond limited to damages resulting from the appeal, including nonpayment of rent prior to judgment, as against another bond confined to nonpayment of rent subsequent to judgment. We think these Sections can be fairly read to permit one bond filed in the trial court to cover all the items of damage, including rental both prior and subsequent to judgment, until termination of the appeal.

We therefore turn to the question of the coverage of the bond. In consigning the rent from October 28, 1945 to date, the defendant complied with § 634 by that method in preference to a bond. Although it was apparently only an oversight that he failed to make such a consignation on

September 28, 1945, nevertheless this would ordinarily be fatal to his appeal. But if the bond he posted can be reasonably interpreted to include the rental due between the date of the judgment and the termination of the appeal, the defendant would be correct in his contention that he complied, whether by accident or by design, with § 634.[2]

The defendant's request to the municipal court to set a bond stated that it was to guarantee payment of the rent *described in the complaint,* and that it was to be filed in compliance with § *631.* The order of the court was to the same effect: it fixed a bond for rent alleged in the complaint. And that this was the understanding of the defendant is evidenced by his consignation of the rent which became due after judgment, except for the September rental which seems to have been an oversight. Nevertheless, in spite of these considerations, the test on final analysis is the language in which the bond itself is couched. If the sureties undertook obligations greater than the defendant requested or the court ordered or the defendant understood, those obligations would, in the absence of estoppel or other similar factors, ordinarily still be measured by the terms of the instrument the sureties executed.

As to the terms of the bond, it should be first noted that there is nothing in §§ 631 and 634 or in § 1726 of the Civil Code [3] requiring that the bond recite explicitly as items of damage the rent due either prior or subsequent to judgment. A general undertaking guaranteeing the plaintiff for any damages resulting from the appeal would be sufficient. That is to say, if by the terms of the bond, even though they be general, it can be fairly said that the sureties undertook to guarantee rental payments due after judgment, the plaintiff cannot be heard to complain of lack of compliance by the

---

[2] There is nothing in § 634 which prevents a defendant from consigning some of the rental payments due after judgment and posting a bond to guarantee others.

[3] This Section provides that "Security is not presumed; it must be express and can not be extended further than that specified therein.

"If it be simple and indefinite it shall include not only the principal obligation but all its accesorios, including the costs of the suit . . . "

defendant with § 634. See *Benero* v. *Alvarado et al.*, 39 P.R.R. 702; *E. Solé & Co., S. en C.* v. *Pedrosa*, 49 P.R.R. 555. Cf. *Brunet, Sáenz & Co., Ltd.* v. *Aponte et al.*, 33 P.R.R. 509; *Cía. Industrial de Santurce* v. *Sánchez*, 21 P.R.R. 178.[4]

Turning to the exact phraseology of the bond, we find that it provided for payment to the plaintiff "of the damages the plaintiff may suffer and of the costs of appeal[5] and *of any other sum to which he may be entitled because of the appeal,* including the rental payments claimed in the complaint as unpaid." (Italics ours). It is true that the last phrase of the bond, out of an abundance of caution, specifically guarantees the rental payments prior to judgment. But this is surplusage. The italicized portion of the bond could be fairly interpreted as broad enough to cover this item without that phrase. By the same token, the phrase in italics could be said to include as one of the items thereby guaranteed the rent which became due after jugment.

The plaintiff however argues that this language of the bond does not cover rental payments as they are due by virtue of a contract and not "because of the appeal". This argument is without basis. If there had been no appeal, the property would have been surrendered to the plaintiff, and no rent would have thereafter become due. The fact that rent must be paid the plaintiff therefore stems directly from the appeal.

The rental due on the judgment date amounted approximately to $380. The rent of $12 a month which has become due since the judgment has been consigned to date, with the exception of the trifling sum of $3 or $4 due for the period between September 20–28. The bond of $600 would therefore be ample to cover these two obligations—$380 plus $3 or $4.

---

[4] For cases interpreting § 1726 generally, see *Rieder* v. *Torruella*, 47 P.R.R. 644; *National City Bank of N. Y.* v. *Martínez*, 41 P.R.R. 162; *Somohano* v. *Matanzo*, 41 P.R.R. 276; *Succession of Valdés* v. *Acevedo*, 23 P.R.R. 684; *The People* v. *González et al.*, 20 P.R.R. 553.

[5] Up to this point the bond follows substantially the language of § 631.

Nevertheless, we find ourselves constrained to hold that the bond was not intended to apply and does not apply to rent due after judgment. We reach this conclusion solely because one of the "whereas" clauses preliminary to the dispositive portion of the bond makes it clear that the sureties understood the bond was being executed pursuant to § 631.[6] That clause restricts the italicized general language of the bond which might otherwise be deemed to cover such rentals.

We recognize that this is a hard case. The defendant and the intervener in the principal suit, who claims ownership of the urban property in question, are precluded from litigating the appeal on the merits which they press vigorously in the pleadings because of an oversight and failure to guarantee $3 or $4 rental with a bond which, if it applied to that obligation, would amply cover it. And the point is a close one. Yet we cannot, in the face of the restrictive language of the "whereas" clause, enlarge the obligation which the sureties, who are not parties here, undertook when executing the bond. It is not enough to say that under the facts as they have developed the sureties, if called on to make good their obligation, would probably not object to the payment of $3 or $4 in addition to the rent of $380 which became due prior to the judgment. It must be remembered that if the defendant had failed to consign the rent monthly, the plaintiff under the theory of the defendant could have called on the sureties for payment of all those sums. To permit the defendant and the district court to enlarge the scope of an undertaking by a surety because of the unfortunate facts here, would be a possible source of untold harm to the law of suretyship in this jurisdiction, particularly in the light of § 1726 of the Civil Code.

---

[6] That clause reads as follows: "Whereas: in accordance with § 631 of the Code of Civil Procedure, as amended by Act No. 170 of May 9, 1942, the defendant may post a bond to answer for damages he may occasion the plaintiff and for the costs of the appeal, including the rental payments alleged as not paid in the complaint."

■ Finally, the defendant contends that in amending § 634 by Act No. 170, the Legislature evinced its intention to eliminate the failure to consign the rent due after judgment or to post a bond therefor as a ground for dismissal of an appeal.[7] We do not agree. Section 634 in its present form still makes it the duty of the defendant to consign the rentals as they become due or to post a bond therefor. The Legislature in amending § 634 did not deviate from its principal purpose: protection of the plaintiff from damage resulting from the appeal. For us to hold that the appeal can be prosecuted despite failure to comply with § 634 as amended would be to render that Section meaningless and to defeat the legislative purpose which gave rise to its enactment.

The order of the district court denying the motion to dismiss the appeal will be vacated, and the case remanded with instructions to dismiss the appeal.

Mr. Chief Justice Travieso did not participate herein.

■

---

[7] Prior to this amendment, § 634 read as follows: "In the appeals taken in actions commenced for nonpayment of the stipulated rentals, the plaintiff may, at any stage of the appeal, move for the dismissal of the same in case the defendant fails to deposit in the office of the secretary of the court the amount of each and all of the installments under the lease as they become due." (Code of Civil Procedure, 1933 ed.)